BARFIELD, Judge.
The claimant appeals a workers’ compensation order in which the judge of compensation claims (JCC) denied medical and indemnity benefits based upon her finding that the claimant had failed to mitigate the liability of the employer/carrier (E/C). She found that the claimant had left a pain management program, against medical advice and without reasonable excuse, prior to completing the evaluation and necessary testing, citing Lobnitz v. Orange Memorial Hospital, 126 So.2d 739 (Fla.1961). We reverse.
The basis for the JCC’s denial of benefits was not raised as an issue below and the parties therefore did not have an opportunity to present evidence on this point. But even if the issue had been raised, there is no showing on this record that the pain management program evaluation was likely to bring about an improvement in the claimant’s condition. And even if the issue had been properly raised and the record were to support a finding that the claimant did not take all reasonable steps to reduce the E/C’s liability by prompt medical attention, Lobnitz does not support denial of medical benefits. The denial of indemnity benefits in that case was based upon the fact that Lobnitz would not have been unable to work if she had promptly sought treatment for her easily cured dermatitis. This claimant has been diagnosed with reflex sympathetic dystrophy (RSD) in his right arm and hand, and also suffers from chronic migraine headaches, psychiatric problems, and some loss of sight in both eyes.
In light of Dr. Cannon’s opinion that the claimant had reached orthopedic maximum medical improvement (MMI) in January 1991, and the opinions of Dr. Pasem and Dr. Poetter that he had reached psychiatric MMI by August 1991, we are at a loss to understand the basis of the JCC’s finding that claimant was not entitled to PTD benefits because he had not reached MMI by March 11,1992. Perhaps she interpreted the claimant’s referral to the pain management program as an indication that his condition might still improve.
The record would appear to support the JCC’s implied finding that the claimant did *298 not meet Ms burden of establishing that Ms eye problems are causally related to Ms accident. However, the JCC’s actual finding was that there was no evidence that the eye condition is causally related to Ms shovelling activities on the date of the accident. Yet, the record contains medical evidence that would support findings that the claimant’s psychiatric problems are related to the accident and that his psychotropic medications may be responsible for Ms eye problems, wMch would support a determination that the eye problems could be causally related to the accident.
The parts of the order relating to forfeiture of benefits for failure to mitigate the E/C’s liability are REVERSED and the case is REMANDED to the JCC for reconsideration of all the claims. The claimant’s motion for appellate attorney fees is GRANTED and the JCC shall determine on remand the amount of a reasonable appellate attorney fee.
We point out to the JCC that on remand she is authorized to consider further evidence and argument on whether the claimant’s pain complaints are the result of RSD or some other condition causally related to the 1990 accident, and on whether Ms eye problems are causally related to the accident. The JCC has the authority to appoint a disinterested doctor to perform an IME on the RSD issue. It is also within her discretion to appoint an appropriate specialist to evaluate the possibility that claimant’s eye problems are related to one or more of the numerous medications he has been prescribed, since the evidence is inconclusive on this point. If the JCC orders one or more of these IMEs, she is authorized, after proper notice and a hearing, to withhold indemmty benefits until claimant attends the IME(s), but we find no authority for her denying future benefits on this basis.
KAHN, J. and SHIVERS, Semor Judge, concur.