PER CURIAM.
In this workers’ compensation case, Claimant appeals a final order denying him payment of temporary partial disability benefits (TPD) based on his medical noncompliance. Because the record contains competent substantial evidence supporting the Judge of Compensation Claims’ (JCC) finding that Claimant did not take reasonable steps to secure the medical care when first offered by the Employer/Carrier (E/C), we affirm that portion of the order denying benefits through the date of the mediation conference held on August 8, 2013. See Lobnitz v. Orange Mem’l Hosp., 126 So.2d 739 (Fla.1961) (reversing award of compensation for period when claimant absented herself from available medical treatment which could have ameliorated compensable skin condition).
The evidence, however, does not support a finding of noncompliance by Claimant after the August 8, 2013, mediation conference where the parties agreed to the authorization of a spine specialist, because the E/C took no action thereafter to set an appointment. The doctrine of medical noncompliance does not result in the permanent forfeiture of benefits and will only apply during the period Claimant failed to take reasonable steps to secure medical care. See Davis v. Marion County, 667 So.2d 297 (Fla. 1st DCA 1995) (stating Lobnitz does not support denial of medical benefits or forfeiture of future benefits after claimant makes herself available for medical examination).
Here, the E/C appeared to have adopted the position that it was no longer obliged to continue to offer medical care once Claimant failed to attend the originally scheduled appointments. As the JCC observed, it was “illogical” for the E/C to fail to set an appointment after the mediation conference resulting in an agreement on authorized care. The JCC, therefore, erred when he found Claimant was not entitled to payment of benefits based on noncompliance for the period after August 8, 2013. Accordingly, we REVERSE that portion of the final order denying Claimant payment of TPD benefits after August 8, 2013, and REMAND for additional proceedings consistent with this opinion.
LEWIS, C.J., WOLF and WETHERELL, JJ., concur.